## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS DAMATO** | : | **Civil Action No. 10-CV-00975** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| **and** | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **MEDIA BOROUGH,** | : | |
| **TROOPER GERARD B. MC SHEA, AND** | : | |
| **OFFICER MATTHEW N. BELLUCCI** | : | |
| **Defendants** | : | |

### NOTICE UNDER LOCAL RULE FOR THE EASTERN DISTRICT OF PENNSYLVANIA 7.1(c)

TO ALL PARTIES:

Under the above-captioned Local Rule for the Eastern District Court of Pennsylvania 7.1 (c), a Reply Memorandum must be filed within fourteen (14) days of March 30,2010, the date when Defendants Media Borough and Officer Matthew N. Bellucci filed their Motion to Dismiss Plaintiff's Complaint.  If no Reply Memorandum is filed as provided by the Rules, the Court shall proceed to disposition of the Motion without said Memorandum.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**BY:**      SMM2371
        **SUZANNE MCDONOUGH, ESQUIRE**
        **Attorney ID No.  29394**
        **One Olive Street**
        **Media, PA  19063**
        **(610) 627-8307**
        **Attorney for moving Defendants**
        **Media Borough and Officer Matthew N. Bellucci**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS DAMATO** | : | **Civil Action No. 10-CV-00975** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| **and** | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **MEDIA BOROUGH,** | : | |
| **TROOPER GERARD B. MC SHEA, AND** | : | |
| **OFFICER MATTHEW N. BELLUCCI** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this         day of                    , 2010, upon consideration of

Defendants Media Borough and Officer Matthew N. Bellucci's Motion to Dismiss pursuant to

Federal Rule of Procedure 12(b) (6) and Plaintiff's response thereto, it is hereby ORDERED and

DECREED that all claims against Media Borough and Officer Matthew N. Bellucci are

dismissed with prejudice.  It is further ORDERED and DECREED that Officer Matthew N.

Bellucci's name is ORDERED removed from the caption of the case.


BY THE COURT:


_____

Timothy Savage, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS DAMATO** | : | **Civil Action No. 10-CV-00975** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| **and** | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **MEDIA BOROUGH,** | : | |
| **TROOPER GERARD B. MC SHEA, AND** | : | |
| **OFFICER MATTHEW N. BELLUCCI** | : | |
| **Defendants** | : | |

<u>**MOTION OF DEFENDANTS FOR PARTIAL DISMISSAL UNDER FEDERAL RULE
OF CIVIL PROCEDURE 12(b) (6)**</u>

Moving Defendants, Borough of Media and Officer Matthew N. Bellucci, hereby move

this Honorable Court to dismiss Plaintiff's Complaint against moving Defendants with prejudice

and, in support thereof, aver the following:

1.      Moving Defendants assert that Plaintiff's Complaint fails to state a claim upon

which relief can be granted against Media Borough and Officer Matthew N. Bellucci for any

claims asserted in the Plaintiff's Complaint as a matter of law.

2.      Plaintiff's Complaint reveals that he was the disgruntled recipient of a motor

vehicle traffic citation issued by Officer Matthew N. Bellucci and subsequently wrote a letter to

the Officer at his **home** stating that "You will get what's coming to you.  God is just, and you

will be punished.  Fuck you! You are an asshole!  A fucking asshole!"  He concedes that he was

arrested by the state police and charged with harassment and terroristic threats, a case that was

subsequently discharged upon a Motion to Dismiss after Plaintiff had been held for Court following a Preliminary Hearing.  (Complaint attached hereto as Exhibit "A.")

3.      Indeed, Plaintiff's case is allegedly entirely based upon a written letter that he concedes he authored and delivered to Defendant Police Officer Bellucci, but Plaintiff has not attached a copy of the subject correspondence upon which the cause of action is based.  The Complaint indicates that Plaintiff applied for and received an expungement of his record prior to the filing of this lawsuit which, under Pennsylvania law, results in the destruction of police and Court records of the case that were the subject of the expungement application.  All that remains on the Pennsylvania official docketing system, discernable to defense counsel, is the docket from the Municipal Court case indicating that Plaintiff has held for Court after a Preliminary Hearing. A copy of the docket is attached as Exhibit "B."

4.  Plaintiff sues Media Borough and Officer Matthew N. Bellucci in this case apparently because they submitted the objectionable letter that was delivered to Officer Bellucci's home to the state police who subsequently arrested Plaintiff for harassment and terroristic threats following their preparation of an Affidavit of Probable Cause.  Of course, the expungement of the records by Plaintiff before the filing of this lawsuit does not permit the moving Defendants to access this Court/police document.  Plaintiff has sued Officer Bellucci in both his official as well as individual capacity.

5.  Whether or not Plaintiff's misguided averment that the letter was protected religious speech involving an expression of his religious beliefs and thus protected speech for which he is insulated from arrest and prosecution by the State Police is true, this issue could not render Officer Bellucci or his employer, under the facts of this case as set forth in the Complaint, liable

for the arrest or prosecution of Plaintiff as the Complaint is based upon an arrest and prosecution by the Commonwealth of Pennsylvania through the state police.

6.     The Complaint concedes that Plaintiff was not arrested or prosecuted by Media Borough or Officer Matthew N. Bellucci.  The Complaint further concedes that Media Borough and Officer Bellucci did not prepare the Affidavit of Probable Cause, which is alleged to have not been prepared by the State Police, nor is it alleged that Officer Bellucci was the prosecutor at the Preliminary Hearing.  The Complaint concedes that Plaintiff was prosecuted by the District Attorney's Office of Delaware County before the trial court and at the expungement hearing. There is no averment that Officer Bellucci presented false or misleading information to the state police or that he influenced the decision to prosecute or the prosecution itself in any way. Officer Bellucci is not alleged to have done anything other than to simply appear as a witness for the Commonwealth at the Preliminary Hearing.

7.     The only factual averments against Officer Bellucci are an assertion that it was somehow unconstitutional for Officer Bellucci to appear to testify at the Preliminary Hearing, held before the Honorable Walter R. Strohl, in police uniform.  This claim is based upon Plaintiff's erroneous belief that even though the crime alleged against Plaintiff was one committed against a Police Officer because of his official action to enforce the motor vehicle code that his testimony at a prosecution concerning the event was as a private citizen and that Officer Bellucci was thus required to appear to testify in civilian clothes as he was not on "duty" at the time.

8.     Plaintiff also alleges that Officer Bellucci is not permitted to appear in uniform outside of Media Borough to testify in Court and, without any factual basis whatsoever, goes on to allege that Officer Bellucci wore his uniform to influence the prosecution.  This averment fails

to state a cause of action as a matter of law as it is obvious that the Officer was on duty for the period of time that he was testifying in Court about the conduct of the motorist who retaliated against him for issuing a traffic citation.  Even if there was a "no uniform" rule suggested by Plaintiff, it could not conceivably apply to a case in which the case arose from criminal allegations based upon action taken against a police officer for carrying out his lawful duty to enforce the motor vehicle code.

9.      Plaintiff asserts a municipal liability claim under <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978), that Media Borough has a pattern and practice of authorizing its police officers to enforce the criminal statutes at issue against those engaged in protected expressive activity of a religious nature and that there is a failure to train and discipline officers in this respect despite the fact that no Media Police Officer was involved in this arrest or prosecution.  Again, Plaintiff has not set forth any factual basis for such claims, and, indeed, concedes in his Complaint that Media Borough did not either arrest or prosecute Plaintiff, but rather the state police did so.  Therefore, the municipal liability claim must be dismissed.

10.      Plaintiff also makes a municipal liability claim under <u>Monell</u> based upon allegations that there is an unconstitutional pattern and practice of permitting officers to act unconstitutionally by permitting them to wear their uniforms outside the jurisdiction of Media Borough and that officers were not trained or disciplined in that regard.    Plaintiff is misguided in his belief that police officers in Pennsylvania are only permitted to wear their uniforms in their own borough and are restricted from appearing in Pennsylvania Courts to testify in Delaware County, or any other county, in uniform.

11.     Even if there was any actionable conduct of Officer Bellucci in this case in presenting the offensive letter to the state police and/or testifying in the case in uniform, qualified immunity would provide a complete defense to such charges and insulate Officer Bellucci from liability in this case where it would not be settled precedent that police officers must refrain from presenting offensive evidence to the state police for possible criminal prosecution under the circumstances of this case.  Similarly, qualified immunity would protect the individual officer from a claim that he was not permitted to wear his uniform in Court in Delaware County outside of his assigned borough when the subject matter of the prosecution involved action the Officer took in the execution of his official duty.

For the above reasons as well as those set forth in the Memorandum of Law attached hereto and incorporated herein by reference, the moving Defendants, Borough of Media and Officer Matthew N. Bellucci, respectfully request that their Motion to Dismiss be granted and the proposed Order entered dismissing this case against them with prejudice.

Respectfully submitted,


**HOLSTEN & ASSOCIATES**


**SMM2371**

**BY:**     _____

**SUZANNE MCDONOUGH, ESQUIRE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS DAMATO | : | Civil Action No. 10-CV-00975 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| and | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| MEDIA BOROUGH, | : | |
| TROOPER GERARD B. MC SHEA, AND | : | |
| OFFICER MATTHEW N. BELLUCCI | : | |
| **Defendants** | : | |

**DEFENDANTS MEDIA BOROUGH AND OFFICER MATTHEW N. BELLUCCI'S**
**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS**

**I.   INTRODUCTION**

This misguided and unfortunate lawsuit arises out of a Media Borough Police Officer's

effort to enforce the Pennsylvania Motor vehicle Code by issuing a traffic citation to Plaintiff

Damato.  According to the facts set forth in the Plaintiff's Complaint, the ticket was issued on

October 11, 2008.  Thereafter, on October 18, 2008, and before the traffic case was resolved in

Court; Plaintiff caused an offensive letter to be delivered to the home of the officer, Matthew N.

Bellucci in which Plaintiff states said "You will get what's coming to you.  God is just, and you

will be punished.  Fuck you!  You are an asshole! A fucking asshole!"  (Complaint at paragraph

7, 8).  Ultimately, Plaintiff indicates that he paid his fine to Media Borough District Court on

October 20, 2008 taking the opportunity to include yet another letter, this one to the Court

labeling Officer Bellucci "stupid."  (Complaint of Plaintiff at paragraph 8.)

The Complaint reveals that, as a result of the letter(s), the state police arrested and

prosecuted Plaintiff by preparing an Affidavit of Probable Cause and having him arrested for

Terroristic Threats, 18 Pa.C.A. 2706(a) (1) and Harassment, 18 P.a.C.S.A. §2709(a) (1) and 18

Pa.C.S.A. 2709(a) (6).  There is no averment that Officer Bellucci participated in the arrest or

that he was the prosecutor of the case at any stage of the proceedings.  Officer Bellucci is also

being sued by Plaintiff because he appeared at the Preliminary Hearing held outside of his

borough in his police uniform inappropriately according to the Plaintiff because the officer was

otherwise "off duty" that day.

The vile campaign initiated by the Plaintiff against a police officer for the performance of

his sworn duty that extended all the way to intruding into the officer's home continues in this

case where Plaintiff and his counsel, without legal justification, are suing the police officer and

the borough he represents because they had the "temerity" to turn over threatening and offensive

communications to the state police.  What is particularly troublesome in this case is that the

correspondence was sent to the officer's home while the traffic case was pending and was

obviously a retaliatory act on the part of Plaintiff toward an officer doing his duty.  The fact that

Plaintiff ultimately entered a plea two days after delivering the letter does not eliminate the

frightening possibility that the Plaintiff intended his letter to scare the officer into not pursing the

charge against Plaintiff in traffic court.

Even more troubling is the expungement of the criminal records that Plaintiff and his

counsel arranged for in advance of filing this lawsuit so that the Affidavit of Probable Cause, the

letters authored by Plaintiff, the district attorney file, etc. are now beyond the reach of those that

would require such documents for their defense.  This alone should cause dismissal of this

lawsuit.

II.   **ARGUMENT**

    A.    **Plaintiff's Complaint fails to set forth a cognizable Civil Rights Violation pursuant to 42 U.S.C. Sec. 1983 against moving Defendants**

Plaintiff's Complaint alleges the Moving Defendants violated 42 U.S.C. §

1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

Section 1983 is not a source of substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-4, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989). The first step in a §1983 claim is to identify the specific constitutional right allegedly infringed. Id., 490 U.S. at 394. In a §1983 lawsuit, Plaintiff must assert a specific federal constitutional or statutory right in order to maintain a claim under the civil rights law. Brown v. Borough of Mahattey, 35 F.3d 846, 850 (3d Cir. 1994)(*emphasis added*); Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 811, 127 L.Ed. 2d 114 (1994) ("the first step in any (1983) claim is to identify the specific constitutional right infringed.").

    1.  **Plaintiff Has Not Established a Fourteenth Amendment Violation**

    **COUNT I- First Amendment**

Count I of Plaintiff's Complaint charges all Defendants with an arrest without probable cause and a prosecution in derogation of the First Amendment in that he claims that the offensive

letter was an expression of his religious belief because he referenced God in it and his belief that the officer would be punished.  He suggests that the letter was not threatening, as the language in the first paragraph appears to be, because it was based upon Plaintiff's religious belief system.

The first step in the analysis of a First Amendment violation is whether the speech at issue is protected by the First Amendment. Cornelius v. NAACP Legal Def. & Educ. Fund, 473 U.S. 788, 797 (1985).  In this case, the Plaintiff's recitation of the facts clearly indicates that the offensive letter was not an effort on his part to disseminate his religious beliefs which under the law would be deserving of protection.  Heffron v. Int'l Soc'y for Krishna Consciousness, 452 U.S. 640, 647 (1981).   On the contrary, the troubling diatribe was designed to disturb and harass the police officer in his home for exercising his official sworn duties.  There is nothing religious about the communication other than the author's invocation of the Almighty in the midst of his profane correspondence.   Therefore, Plaintiff's claim that his letter was protected religious speech should be summarily rejected and his First Amendment claim must fail.

**2.  Plaintiff has not established a Fourth Amendment violation**

**Count II – Fourth Amendment**

Plaintiff claims that Media Borough and Officer Bellucci detained and prosecuted Plaintiff without probable cause or reasonable suspicion and that he was subjected by these Defendants to an unreasonable search and seizure.  However, the facts set forth in the Complaint defeat this claim as Plaintiff concedes that his arrest was by the state police and not Media Borough or Officer Bellucci.   Moreover, the Complaint indicates that Plaintiff was arrested upon the approval of an Affidavit of Probable Cause and that he was held for trial prior to having the case dismissed.  Here, Plaintiff must concede that there was probable cause for his arrest as the elements of the offense were established when he was held for Court by the Magistrate Judge.

There is no allegation that the moving Defendants gave false testimony or produced any false documents or that the moving Defendants were able or did overcome the independence of the state police or magistrate judge in their independent assessment of probable cause in this matter.

Claims of false arrest are properly analyzed under the Fourth Amendment as the Fourth Amendment prohibits arrest without probable cause.  Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000).  Probable cause has been defined as "facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.  Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed. 2d 142 (1964).  The standard is an objective one and is to be applied based on facts available to the officers at the time of their alleged unlawful conduct.  Sharrar v. Felsing, 128 F.2d 810, 817-18 (3d Cir. 1997) (emphasis added).  The standard represents a necessary accommodation between the individual's right to liberty and the state's duty to control crime.  Gerstein v. Pugh, 420 U.S. 103, 112, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

Probable cause to arrest "exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir.2002).  Neither the Fourth nor Fourteenth Amendments guarantee that only the guilty will be arrested.  Onley v. Simms, 476 F. Supp. 974, 976 (Ed. Pa. 1979).   Indeed, "The proper inquiry in a 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of

Philadelphia, 855 F.2d 136, 141 (3d Cir.1988).   It is the function of the police to arrest persons

on probable cause, not only guilty persons, as the ultimate determination of such claims of

innocence is placed in the hands of the judge and jury.   Baker v. McCollan, 443 U.S. at 146.

Further, "[T]he evidentiary standard for probable cause is significantly lower than the standard

which is required for conviction." Wright v. City of Philadelphia, 409 F.3d 595, 602

(E.D.Pa.2005).

Police officers acting pursuant to facially valid warrants generally are deemed to have

probable cause.   Garcia v. Bucks, 155 F.Supp. 259, 265 (Ed. Pa. 2001). And, if, as here, the

Plaintiff was arrested pursuant to a valid warrant, he does not have a viable Fourth Amendment

claim.   See, Baker v. McCollan, 443 U.S. at 143.   In the case, plaintiff appears to concede that

he was arrested upon a warrant and has not attacked its validity.   When the four corners of the

Affidavit establish probable cause Plaintiff must, in order to prove his false arrest claim,

establish that:  (1) a police officer knowingly and deliberately, or with reckless disregard for the

truth, made **false statements or omissions** that create falsehood in applying for the warrants and,

(2) such statements or omissions were material or necessary to a finding of probable cause.

Wilson v. Russo, 212 F.3d 781, 786-787 (3d Cir. 2000).   There is no such averment here.

Moreover, the Plaintiff conceded that he was held for trial and the docket from the Magisterial

Court substantiates this fact.

### Count III-Malicious Prosecution

To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, Plaintiff must

show that (1) Moving Defendant initiated a criminal proceeding; (2) the criminal proceeding

ended in Plaintiff's favor; (3) the proceeding was instituted without probable cause; (4) Moving

Defendant acted maliciously or for a purpose other than bringing him to justice; and (5) he

suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  Estate of Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

In the present case, the only viable Defendant in a claim for a malicious prosecution claim would be the state police officer and/or district attorney who were involved in the prosecution of the matter as it is undisputed in the Complaint that it is the state trooper who initiated and prosecuted the criminal proceeding against Plaintiff and prosecutors who determined to prosecute the charges until the decision on the Motion to Dismiss.  See, Brockington v. City of Philadelphia, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005); 67 F. Supp. 2d 515, 521 (E.D. Pa. 1999).   The United States Supreme Court has held that liability under 42 U.S.C. § 1983 is individual and requires evidence of personal involvement in the constitutional violation. Rizzo v. Goode, 423 U.S. 363 (1976).  Liability must be based upon personal involvement on the part of a defendant totally lacking in this case.  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir.1997) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)) as cited in Brown v. Brown, 2008 WL 650021, 4 (E.D.Pa., 2008).

The Complaint itself establishes that the state police prepared the Affidavit upon which the arrest was made and actually made the arrest.  Plaintiff does not contend that Media Borough Officer Bellucci was in any way involved in the arrest or prosecution and his only involvement is allegedly to have appeared at the Preliminary Hearing.  Moreover, where, as here, the magistrate judge's determined to hold the Defendant for Court, a process equivalent to a grand jury indictment, probable cause is established by definition and the claim should be summarily rejected.  See, Trabal v. Wells Fargo Armored Serv. Corp. 269 F.3d 243, 251 (3d Cir. 2001)

In this case, the case was listed for trial by the district attorneys office and it was the prosecutor that resisted the Petition for Expungement.  Therefore, the victim police officer in this case could not conceivably be considered the one who initiated or furthered the prosecution. See, Zeglen v. Miller, 2008 WL 696940 (M.D. Pa. 2008); see also, O'Connor v. City of Philadelphia, No. 05-2879, 2006 WL 1490134 (E.D. Pa. May 16, 2006);  Harris v. City of Philadelphia, No. 97-3666, 1998 WL 481061, (E.D. Pa. Aug. 14, 1998) citing Albright v. Oliver, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring; Restatement 2d Torts section 653); see also, Houston v. City of Philadelphia, supra.    Consequently, Plaintiff cannot state a viable cause of action for malicious prosecution against moving Defendants.

The law does not require police officers, or even prosecutors, to actually have evidence that is deemed sufficient to establish guilt beyond a reasonable doubt. Orsatti v. N.J. State Police, 71 F.3d 480, 482-483 (3d Cir. 1995);  U.S. v. Glasser, 750 F.2d 1197, 1205 (3d Cir. 1984).

The only facts that Plaintiff suggests evidence malicious prosecution by Media Borough or its officer is an assertion that the police officer victim had no business wearing his uniform when he testified at the Preliminary Hearing.  Plaintiff is of the belief that police officers may not wear their uniforms outside of their own municipality in Pennsylvania, but does not cite any statutory basis for this belief.  Indeed, there is no authority to suggest that police officers must appear in civilian clothes when testifying in a case in which they have been victimized as a result of performing their duty as a police officer.  The only reason that Plaintiff sent an anonymous letter to the police officer's home, and another letter about him to the District Justice, was because the officer was acting within the course and scope of his duties in enforcing the motor vehicle act when he cited Plaintiff for the traffic violation which resulted in the retaliatory, terror provoking letter received by the officer at his home.  Whether the officer was on or off duty

before or after appearing in Court that day, testimony concerning the event was police business and the Officer was certainly entitled to appear in his uniform.

### 3.  <u>Plaintiff fails to set forth a cognizable Monell claim against the Township.</u>

Indeed, when a claim against a municipality or governmental entity, such as the borough, is based on Section 1983, the entity can only be liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).   There must be a direct link demonstrated between the "municipal policy or custom and the constitutional deprivation alleged, not a direct link between the policy and custom and any tortuous injury suffered by the plaintiff at the hands of a police officer.  <u>Board of County Commissioners of Bryan County v. Brown</u>, 520 U.S. 397, 404-405 (1997) (Plaintiff must demonstrate direct causal link between municipal action and deprivation by individual of constitutional rights).

A governmental custom for purposes of Section 1983 is defined as "such practices of state officials ... [as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law." <u>Id</u>. at 691. Custom can be shown by evidence of knowledge and acquiescence by high-level policy-makers. <u>Fletcher v. O'Donnell</u>, 867 F.2d 791, 793 (3d Cir.1989). The court must then inquire "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>City of Canton v. Harris,</u> 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The policy must be the "moving force" behind the constitutional violation. <u>Cornfield v. Consolidated High Sch. Dist. No. 230</u>, 991 F.2d 1316 (citing <u>Oklahoma City v. Tuttle,</u> 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion)).

Plaintiff's policy claim asserted against Media Borough may not be premised upon the false arrest claim by the state police, as a claim under <u>Monell</u> requires that the <u>municipality itself</u> cause the constitutional violation at issue.  <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978).  In this case, the Media Borough Police did not prepare the Affidavit of Probable Cause, arrest the Plaintiff or prosecute him.

A municipality generally may not be found liable for a Fourth Amendment violation unless one of its employees is "primarily liable under Section 1983 itself."  <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 467 (3d Cir. 1989).  In this case, there is simply no evidence of any individual liability causing a constitutional violation based upon alleged Fourth Amendment violations and, indeed, Plaintiff does not contend, nor could he truthfully contend, that Media Borough police arrested him.

No evidence has been adduced that there was any misconduct on the part of any Media Borough personnel in being aware of or involved in a police fabrication of evidence for the warrant, any withholding of exculpatory evidence, or interference with the prosecutors assessment of the case prior to or after the Preliminary Hearing.  Therefore, no due process claim could arise under <u>Fagan v. City of Vineland</u>, 22 F.3d 1283, aff'd in part 22 F.3d 1296 (3d. Cir. 1994) even if this standard is applicable following <u>Grazier v. Campbell</u>, 328 F.3d 120 (3d Cir. 2003), a case that reconciled the opinions in Fagan and Heller and limited Fagan to a specific fact pattern involving police pursuits where there is an independent basis for a constitutional violation and the officer acted merely as a conduit causing the alleged constitutional harm, a scenario inapplicable to the present case.

Plaintiff makes perfunctory arguments that the Media Borough Police had a policy, custom, or practice to arrest individuals because of their religious speech but have not set forth a

factual predicate to support such a broad legal conclusion nor does he allege that Media Borough had personal involvement in the arrest of Plaintiff.  Plaintiff also makes an argument that the Media Borough Police have failed to train officers concerning protected religious speech and first amendment issues regarding the statutes Plaintiff was arrested under but, again, Plaintiff does not assert any facts that Media Borough was involved in the arrest or prosecution or set forth a factual predicate to support the conclusory failure to train and supervise theory.

### 4. Moving Individual Defendant Officer Matthew N. Bellucci is entitled to Qualified Immunity

In the event this Honorable Court determines Plaintiff suffered any unintentional violation of any constitutional right at the hands of the moving Defendants simply because he took a terror provoking, abusive letter to the state police and cooperated in the investigation and prosecution of the matter, the Court should still dismiss the case against him with prejudice based upon the principles of qualified immunity.

Qualified immunity has been said to be an entitlement not to stand trial, not a defense from liability. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).  This important immunity protects our law enforcement officers from "undue interference with their duties and from potentially disabling threats of liability," Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir.2005) (citing Elder v. Holloway, 510 U.S. 514 (1994)), should their conduct not be found to have violated clearly established statutory or constitutional law of which a reasonable person would have been aware. Wright v. City of Philadelphia, supra at 599 (citing Harlow v. Fitzgerald, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

In this case, the police officer did not know of any clearly established statutory or constitutional law that he was not permitted to submit the offensive correspondence to the state police for possible prosecution and then to cooperate with the prosecution of the matter.

The protective veil of qualified immunity doctrine "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Rowe v. Romano, 940 F.Supp. 798, 802 (E.D.Pa.1996) (Joyner, J.); Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). In this case, even where reasonable minds could differ about the approach taken by the state police, there was no violation of a law, or statute, or any constitutional deprivation by any actions taken in this case that could be imputed to Officer Bellucci, who was victimized by Plaintiff simply for issuing him a motor vehicle citation and remains his victim through the institution of this lawsuit.

In this case qualified immunity is a pure question of law to be decided by this court. Doe v. Groody, 361 F.3d 232, 238 (3d Cir.2004). First, the court must decide whether the facts, taken in a light most favorable to the Plaintiff, establish a constitutional violation by Officer Bellucci personally. Saucier, supra. at 201. If no constitutional violation is found, the inquiry ends. Gilles v. David, 427 F.3d 197, 203 (3d Cir.2005). Even if a constitutional violation were to be found, this Court must still determine whether it would be clear to a reasonable officer that his conduct in reporting the matter to the state police was unlawful in the situation confronted. See, Saucier, supra. at 202. "If an official could have reasonably believed that his actions were lawful, the official receives immunity even if in fact the actions were not lawful." Forbes v. Twp. of Lower Merion, 313 F.3d 144, 148 (3d Cir.2002). An officer may even be entitled to immunity if he is mistaken as to what the law requires. Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir.2004).

In this case, in the final analysis based upon the facts of the case, this Court is urged to find that Officer Bellucci did not arrest or prosecute Plaintiff and thus could not be responsible for any claims made in the present lawsuit. Second, if the Court finds that there was some

involvement on the part of Officer Bellucci the Court is asked to conclude that state trooper McShea had sufficient probable cause for the arrest and thus Plaintiff has therefore not alleged a viable constitutional violation.  Moreover, even if a constitutional violation has been alleged based on claims that plaintiff could not be prosecuted for an anonymous letter, regardless of how vile its content, sent to an officer in retaliation for the issuance of a ticket because of the use of "God" in the body of the letter, a reasonable officer would have believed that the harassing correspondence was protected by the First Amendment and that the perpetrator was thus insulated from arrest for the offensive acts.

Clearly, Officer Bellucci properly wore his Borough uniform when testifying in Court as a prosecution witness given that the action arose from his official duties.  However, Officer Bellucci would be entitled to qualified immunity for his appearance in Court in uniform to testify about the traffic citation and ultimate receipt of the offensive letter at his home in retaliation thereof even if there was some constitutional prohibition against the wearing of his uniform under the circumstances of this case as a matter of law.

III.   **CONCLUSION**

For the above stated reasons, Moving Defendants, Media Borough and Officer Matthew N. Bellucci respectfully request that this Honorable Court enter an Order granting judgment in their favor and dismissing this case with prejudice.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**
**SMM2371**

_____
**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for above-named Defendants**

13

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants Media Borough and Officer Matthew N. Bellucci states that a true and correct copy of the within Motion to Dismiss and Memorandum of Law in support thereof and Exhibits of the below listed defendants were served upon the following individuals via electronically or United States First Class Mail, this 30th day of March 2010.

C. Scott Shields, Esquire
200 E. State Street
Suite 305
P.O. Box 23
Media, PA   19063

Pennsylvania State Police
Commonwealth of Pennsylvania
1800 Elmerton Avenue
Harrisburg, PA

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**SMM2371**

_____
**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
Attorney for above-named Defendants Media
Borough and Officer Matthew N. Bellucci