**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS DAMATO, | ) | No.: 10-975 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH | ) | |
| OF PENNSYLVANIA, PENNSYLVANIA | ) | |
| STATE POLICE, MEDIA BOROUGH, | ) | |
| TROOPER GERARD B. MCSHEA, AND | ) | |
| OFFICER MATTHEW N. BELLUCCI, | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

1.      This is an action for declaratory judgment and money damages brought under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution against the Commonwealth of Pennsylvania, Pennsylvania State Police, and Trooper Gerard B. McShea, the officer who committed the acts complained of herein. Plaintiff alleges that the Commonwealth of Pennsylvania, through its State Police and the Media Borough, through its Police Department have a custom, pattern, practice, and/or policy of authorizing its officers to unlawfully prosecute citizens under Pennsylvania's terroristic threats, harassment, and disorderly conduct statutes based on the citizens use of speech protected by the First Amendment of the United States Constitution. Plaintiff further alleges that, for all times relevant, the Commonwealth of Pennsylvania and Media Borough failed to appropriately train, instruct  and/or discipline its officers who unlawfully initiate criminal prosecutions because they find that the protected speech is offensive to them, but nonetheless protected. Pursuant to this custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, Trooper Gerard B. McShea unlawfully charged, arrested and prosecuted Plaintiff based solely on Plaintiff's use of speech protected by the First Amendment which was directed to Officer

Matthew Bellucci. It is further alleged that Media Borough has a custom, pattern, practice, policy of encouraging, allowing and/or authorizing its officers, including Officer Matthew N. Bellucci, to use their office/status as a Media Borough Police Officer and to display and wear, the Media Borough Police Uniform and Badge outside the jurisdiction of Media Borough under color of law for reasons unrelated to official Borough business.

## JURISDICTION

2.      This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 1983. This Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3.      Plaintiff, Nicholas Damato, is an adult residing within this district in Delaware County, Pennsylvania.

4.      Defendant, Commonwealth of Pennsylvania is a government entity organized under the Constitution and laws of Pennsylvania which, for all times relevant operate its agencies, including the Pennsylvania State Police, according to the laws of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution and Pennsylvania Constitution.

5.      The Pennsylvania State Police is an agency of the Commonwealth of Pennsylvania and is the Commonwealth's State Police with an office located at 1800 Elmerton Avenue, Harrisburg, Pennsylvania.

6.      Defendant Trooper Gerard B. McShea is a Pennsylvania State Police Trooper employed by and acting under the authority of the Commonwealth of Pennsylvania,

Pennsylvania State Police. Plaintiff names Trooper Gerard B. McShea in his official and individual capacity.

7.      At all relevant times, the Defendants acted, then and there,  under color of state law. For all times relevant, Defendant Trooper Gerard B. McShea acted individually and/or within the scope of his employment by Defendant, Commonwealth of Pennsylvania, and Pennsylvania State Police. For all times relevant, Defendant Officer Matthew N. Bellucci acted within the scope of his authority and/or ostensible authority of Defendant, Media Borough

## GENERAL ALLEGATIONS

8.      On October 11, 2008, the Plaintiff received a traffic citation issued by Officer Matthew Bellucci, of the Media Borough Police Department.  Thereafter, on October 18, 2008, Officer Bellucci received a letter at his home stating the following: "You will get what's coming to you.  God is just, and you will be punished.  Fuck you!  You are an asshole! A fucking asshole!"

9.      On October 20, 2008, Media Borough District Court received payment for the traffic citation through the mail from Plaintiff Damato.  Enclosed with the payment was a letter from the Plaintiff wherein he criticized Officer Bellucci referring to him as "stupid."  The Pennsylvania State Police, Defendant Trooper McShea, subsequently interviewed the Plaintiff over a course of several hours in the State Police Barracks and Plaintiff admitted sending the letter to the Officer's home.

10.     For all times relevant to this lawsuit, Plaintiff was acting lawfully and did not engage in illegal activity at any time.

11.     At no time during the events described above was Plaintiff intoxicated, incapacitated, a threat to himself or others, or disorderly. Plaintiff did not commit any criminal offenses but merely engaged in protected activity.

12.     On or about October 24, 2008 Trooper Gerard B. McShea, both maliciously and in retaliation for Plaintiff's engagement in protected speech prepared a sworn Affidavit of Probable Cause causing a criminal summons to be issued against Plaintiff, charging Plaintiff with the crimes of Terroristic Threats, 18 Pa.C.S.A. §2706(a)(1) and Harassment, 18 Pa.C.S.A. §2709(a)(1) and 18 Pa.C.S.A. §2709(a)(6) as a result of mailing the aforementioned letter.

13.     According to 18 Pa.C.S.A. §2706(a)(1), a person commits the crime of terroristic threats when (1) the person made a threat to commit a crime of violence; and (2) that it was communicated with intent of terrorizing.

14.     Subsections (a)(1) and (a)(6) of Pennsylvania's harassment statutes, 18 Pa.C.S.A. §2709(a)(1) and 18 Pa.C.S.A. §2709(a)(6), state a person commits the crime of harassment when, with the intent to harass, annoy or alarm another (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same; and (6) communicates repeatedly at extremely inconvenient hours.  The letter sent by the Plaintiff did not include any of the above, nor did the letter rise to the level of fighting words.  The letter was a single episode and was delivered via US Mail.   Subsection (a)(6) requires that the communication occur repeatedly and at inconvenient hours.

15.     The communication directed to Officer Bellucci was expressing an opinion that "***You will get what is coming to you.  God is just and you will be punished.***"  Such opinion is not a threat, but rather protected speech identifying Plaintiff's beliefs of God's righteousness and willingness to punish.

16.     The communication sent to Officer Bellucci is not punishable and is protected speech under the First Amendment of the United States Constitution and the Commonwealth of Pennsylvania Constitution Art 1, sections 1, 3, 7 and 25.

17.     On or about December 9, 2008, Defendant was listed for a Preliminary Hearing before the Honorable Walter R. Strohl, District Court 32-2-48.

18.     District Court 32-2-48 is outside the jurisdiction of the Media Borough Police Department.

19.     On December 9, 2008 Defendant Bellucci presented himself to District Court 32-2-48 to testify as an alleged victim.

20.     On December 9, 2008 Defendant Bellucci presented himself to District Court 32-2-48 in full uniform issued through the Media Borough Police Department and wearing the Media Borough Police Department Badge and weapon with other indicia of authority as a Member of the Media Borough Police Department.

21.     On December 9, 2008 Defendant Bellucci was not working within his capacity as a Media Borough Police Officer, but rather was outside the jurisdiction of Media Borough while off duty.

22.     On December 9, 2008 Defendant Bellucci, despite being off duty and outside the lawful jurisdiction of Media Borough Police Department, was acting both individually and under color of law, authority and/or ostensible authority with the Media Borough Police Department.

23.     The Plaintiff appeared before the Honorable James F. Nilon, Jr. on April 6, 2009, wherein a Motion to Dismiss was heard by the Court.  His Honor entered an Order Granting the Motion to Dismiss on or about April 7, 2009.

24.     The Commonwealth has not appealed the Judge's decision.

25.     Thereafter, Plaintiff filed a Motion to Expunge the arrest which the Delaware County District Attorney's Office Opposed.

26.     On June 16, 2009, after a full hearing before the Honorable James F. Nilon, Jr., Plaintiff's Motion of Expungement was granted.

27.     The Commonwealth has not appealed the Judge's decision to expunge the Order of Expungement.

28.     As a direct and proximate result of Defendants' actions, Plaintiff suffered the following injuries and damages:

        a.     Violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from criminal prosecution or to be retaliated against in any way for engaging in constitutionally protected speech;

        b.     Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from an unreasonable search and seizure of his person;

        c.     Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from unlawful arrest and unlawful and malicious prosecution;

        d.     Loss of his physical liberty;

        e.     Physical pain and suffering, emotional trauma, humiliation and distress;

        f.     attorney fees and costs in defending himself in the criminal prosecution, the expungement of his criminal record and in the instant lawsuit.

29.     Upon information and belief, the Pennsylvania State Police and the Media Borough Police Department, by virtue of custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, authorizes its police officers to act in an unconstitutional fashion by enforcing 18 Pa.C.S.A. §2706(a)(1), 18 Pa.C.S.A. §2709(a)(1), and 18 Pa.C.S.A. §2709(a)(6), against people who engage in protected expressive activity and who express religious opinions, which is, nevertheless, constitutionally protected speech.

30.     Upon information and belief, the Media Borough Police Department, by virtue of custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, authorizes its police officers to act in an unconstitutional fashion by acting under color of law and authority as a Municipal Police Officer while off duty and while outside the jurisdiction of Media Borough.

31.     Upon information and belief, the Defendants Commonwealth of Pennsylvania and The Pennsylvania State Police policymakers and officials are deliberately indifferent, fail to appropriately train, and/or discipline its officers regarding the misapplication of the terroristic threatening and harassment statutes to arrest and prosecute people engaged in constitutionally protected expressive activity.

32.     Upon information and belief, the Media Borough policymakers and officials have acted deliberately indifferent, failed to appropriately train, and/or discipline its officers regarding the unconstitutional use of acting under color of law and authority as a Municipal Police Officer while off duty and while outside the jurisdiction of Media Borough.

**COUNT I**
**NICHOLAS DAMATO V. ALL DEFENDANTS**
**VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

33.     Defendants' application of Pennsylvania's terroristic threatening and harassment statutes, 18 Pa.C.S.A. §2706(a)(1), 18 Pa.C.S.A. §2709(a)(1), and 18 Pa.C.S.A. §2709(a)(6), to arrest and prosecute Plaintiff for engaging in constitutionally protected speech violated the First Amendment to the United States Constitution as it applies to the states through the Fourteenth Amendment to the United States Constitution.

**COUNT II**
**NICHOLAS DAMATO V. ALL DEFENDANTS**
**VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION FOR RETALIATION FOR ENGANGING IN PROTECTED ACTIVITY**

34.     Defendants' application of Pennsylvania's terroristic threatening and harassment statutes, 18 Pa.C.S.A. §2706(a)(1), 18 Pa.C.S.A. §2709(a)(1), and 18 Pa.C.S.A. §2709(a)(6), to arrest and prosecute Plaintiff for engaging in constitutionally protected speech violated the First Amendment to the United States Constitution as it applies to the states through the Fourteenth Amendment to the United States Constitution, and was in retaliation for Mr. Damato's use of protected language to express his dissatisfaction with the actions of Officer Belucci.

**COUNT III**
**NICHOLAS DAMATO V. ALL DEFENDANTS**
**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

35.     Trooper Gerard B. McShea's detention and interrogation of Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment right to be free from unreasonable searches and seizures, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

## COUNT IV
## NICHOLAS DAMATO V. ALL DEFENDANTS
## MALICIOUS PROSECUTION UNDER PENNSYLVANIA LAW

36.     Defendants' malicious and retaliatory prosecution of Plaintiff without appropriate legal foundation as Plaintiff's speech is protected by the First Amendment violated his right to be free from malicious prosecution and abuse of process under Pennsylvania law.

### PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff, Nicholas Damato, requests that this Honorable Court grant the following relief:

   a.   Enter a declaratory judgment that enjoins the Defendants from charging individuals with crimes when engaging in protected expressive activity to chill the free speech of Plaintiff and others;

   b.   Enter a declaratory judgment that the Defendants have a custom, pattern, practice, and/or policy of applying 18 Pa.C.S.A. §2706(a)(1), 18 Pa.C.S.A. §2709(a)(1), and 18 Pa.C.S.A. §2709(a)(6) and 18 Pa.C.S.A. 5503, and enjoin Defendants from charging individuals for engaging in proteted expressive activity to retaliate against, and chill citizens' First Amendment free-speech rights;

   c.   Enter an award for compensatory damages against all Defendants, jointly and severally, and enter an award for punitive damages against Defendant Trooper McShea in an amount to be determined at trial for the Constitutional violations and the malicious prosecution;

   d.   Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. § 1988; and

e.      Enter such other relief as this Honorable Court may deem just and

deserving.

Respectfully Submitted,

_____
C. SCOTT SHIELDS, ESQUIRE
Attorney for Nicholas Damato